FILED

JAN 1 0 2019

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
           Plaintiff,           )
                                )
      v.                        )     No.     **4:19CR00019 RWS/DDN**
                                )
PARRIS GUYTON,                  )
                                )
           Defendant.           )

**<u>INDICTMENT</u>**

**<u>COUNT I</u>**

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

1.  Federal law defined the term:

    (a)  "minor" to mean any person under the age of eighteen years (18 U.S.C. §
         2256(a));

    (b)  "sexually explicit conduct" to mean  actual or simulated

         (i)    sexual intercourse, including genital-genital, oral-genital, anal-
                genital, or oral-anal, whether between persons of the same or
                opposite sex,

         (ii)   bestiality,

         (iii)  masturbation,

(iv)   sadistic or masochistic abuse, or

(v)   lascivious exhibition of the genitals or pubic area of any person (18 U.S.C. §2256(2)(A)); and

(c)   "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C.§2256(6)).

(d)   "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

(A)   the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

(C)   such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

2.   The "Internet" was, and is, a computer communications network using interstate and foreign telephone lines to transmit data streams, including data streams used to store, transfer and receive graphic files.

3.   Between on or about September 1, 2018, and on or about December 14, 2018, in the Eastern District of Missouri, and elsewhere,

**PARRIS GUYTON,**

the defendant herein, did knowingly employ, use, persuade, induce, entice, and coerce a minor,

A.E., to engage in sexually explicit conduct, specifically, PARRIS GUYTON produced images

of A.E. in a lascivious display of her genitals, and said sexually explicit conduct was for the

purpose of producing a visual depiction of such conduct, to wit: images of A.E. in a lascivious

display of her genitals, and such depictions were produced using materials that had been mailed,

shipped, or transported in interstate or foreign commerce, i.e., a black T-Mobile REVVL.

In violation of Title 18, United States Code, Sections 2251(a) and 2, and punishable

under Title 18, United States Code, Section 2251(e).

A TRUE BILL.


_____

FOREPERSON


JEFFREY JENSEN
United States Attorney


_____
DIANNA R. COLLINS #59641MO
Assistant United States Attorney